O’Neall, J.,
delivered the opinion of the Court.
The decision below is placed upon the ground, that the plaintiff did not appeal from the clerk’s taxation of costs in proper time, inasmuch as a term intervened. It is necessary to consider first this ground. I am satisfied that, in strictness, there is no such a thing as an appeal from the clerk’s taxation of costs. He is merely a ministerial officer, exercising no *318 judicial power. It is true be decides; but it is not as a judge, it is as the mere agent of the Court. He ascertains the fact of the cost incurred, and makes out a bill, which is for the examination of the parties. If they are satisfied with it, there is an end of the matter; but if either is dissatisfied with it, he has the right to ask the Court to review and correct it. When is this to be done ? I know of only a single limitation in this behalf. It is that the Court cannot interfere after the costs have been paid, or the execution returned satisfied. In these instances there is nothing remaining to be done, and the parties are out of Court. But in all other cases the power of revising the clerk’s taxation, is one which should be exercised by the Court.
This conclusion makes it necessary that we should express some general views upon the objections to the taxation: 1st. Generally to entitle a party to tax the attendance of a witness, it is necessary to show that he attended by subpoena in that case. A case is known by its title; and if, therefore, there be two cases, and they are in their title distinguished from each other, then the attendance ought to be taxed in that case of which the subpoena pursues the title. 2d. These cases were in point of fact between the same parties; but they were tried at different times, and it may well be that the witnesses attended in the case first on the docket until it was disposed of. If they had been subpoenaed in two cases between the same parties, and there had been a mistake in entitling all the subpoenas of one case, then the witnesses would have been entitled to have one set of their subpoenas taxed in the case the title of which had been mistaken. But until this appears, or until the case first on the docket was tried, it cannot be that subpoenas of its title should be taxed in this case. If the witnesses, after the trial of the first case, attended under subpoenas of its title in the other case, then they ought to be taxed. Eor in that case their attendance is between the same parties in fact, and it is manifest that it could be in no other case than in the one for trial. When the witnesses attend on subpoenas not having the exact title of either case, but between the same parties, then it must be left to the oath of each of the witnesses to say in which of the cases he or she was subpoenaed and did attend, and according to the fact- so to be ascertained must the taxation be. 3d and *319 4th. It is unnecessary to consider tbe third and fourth objections at length. The clerk has said that some of the witnesses were sworn and their materiality thus established.; and where not sworn, that the parties complied with the rules laid down in Taylor vs. McMahon, 2 Bail. This is a sufficient answer to the third objection. "We are not properly informed whether any of the witnesses attended under subpoena before the case went on the inquiry docket. If this be so, then under the fourth objection, I think such attendance could not be taxed.
The motion to reverse the decision below, is granted, and the clerk is directed to retax the costs according to the rules stated in this opinion.